UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 19-2435-DMG (JPR)** | Date | September 24, 2019 |
| Title | *Dwain Lammey v. Dujack Investment, Inc.* | Page | 1 of 5 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER RE PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT [27]**

On March 31, 2019, Plaintiff Dwain Lammey filed his Complaint against Defendant Dujack Investment, Inc., which owns property located at 6520 Crenshaw Boulevard, Los Angeles, California. [Doc. # 1 ("Complaint").] The Complaint alleged that Defendant violated both the Americans with Disabilities Act and California's Unruh Civil Rights Act by failing to provide ADA-complaint paths of travel into its property. Compl. at ¶¶ 9-12. Plaintiff seeks injunctive relief under the ADA, statutory damages under the Unruh Act, and attorneys' fees under both. Despite being served with the Complaint and summons, Defendant has not appeared in this matter. The Clerk entered a default against Defendant on July 9, 2019. [Doc. # 24.] Plaintiff now applies for a default judgment. [Doc. # 27 ("MDJ").] For the reasons discussed in this Order, the Court **GRANTS** Plaintiff's application in part.

**I.
DISCUSSION**

**A.   Federal Rule of Civil Procedure 55(b)(2), Local Rule 55-1, and the *Eitel* Factors**

Plaintiff has complied with the procedural requirements applicable to default judgments. *See* Fed. R. Civ. P. 55(b)(2); C.D. Cal. L.R. 55-1; Price Decl. at ¶¶ 2-3 [Doc. # 27-2]. He has also shown that the *Eitel* factors weigh in favor of entering a default judgment against Defendant. *See Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). In *Eitel*, the Ninth Circuit set forth a number of factors that courts may consider when evaluating a default judgment motion: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Id.* at 1471–72.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 19-2435-DMG (JPR)** | Date | September 24, 2019 |
| Title | ***Dwain Lammey v. Dujack Investment, Inc.*** | Page | 2 of 5 |

    Plaintiff will be prejudiced without a default judgment—no other enforceable form of relief against Defendant exists and Plaintiff has already incurred expenses pursuing his claim. *See* Price Decl. at ¶ 7; *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Plaintiff has submitted a well-pleaded complaint, and since a default has been entered, the Court presumes that Plaintiff's allegations are true. *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) ("[U]pon default[,] the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.").

    Plaintiff alleges that he is a quadriplegic and must use a wheelchair for mobility. Compl. at ¶ 1. He went to Defendants' property to get some pizza at a Papa John's Pizza location at that site. *Id*. at ¶ 10. He claims that he was unable to enter the restaurant because "there was no safe wheelchair accessible route of travel from the boundary of the site to the accessible entrance of the" restaurant. *Id*. at ¶ 11 n.1. In the MDJ, he clarified that a "metal gate surrounds the parking lot/sidewalk and this gate forces all non-driving customers to walk [into the restaurant] by using the driveway and walking in the vehicular path." MDJ at 4; Lammey Decl. [Doc. # 27-5] at ¶ 4. Plaintiff alleges that being forced to enter the premises by using the vehicle driveway caused him difficulty and discomfort. Compl. ¶ 4.

    These allegations, taken as true, are sufficient to support Plaintiff's causes of action. He is a physically disabled person under the ADA. *See* 42 U.S.C. § 12102(2)(A). The restaurant qualifies as a public accommodation under the ADA. *See* 42 U.S.C. 12181(7)(B). Plaintiff claims that the absence of a route of access other than the vehicle driveway amounted to an unlawful barrier under the ADA. The 2010 ADA Standards for Accessible Design require that "[a]t least one accessible route shall be provided within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible building or facility entrance they serve." 2010 ADA Standards at § 206.2.1; *see also Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011) (requiring facilities to be "readily accessible" to handicapped persons in order to comply with the ADA).

    The standards make an exception to the "accessible route" requirement if "the only means of access between" site arrival points and the "building or facility entrance" is "a vehicular way not providing pedestrian access." *Id.* at 206.2.1.2. But the Standards also state that the "vehicular ways" exception "does not apply" when "a vehicular way, or a portion of a vehicular way, is provided for pedestrian travel, such as within a shopping center or shopping mall parking lot." *Id.* at 206.2.1 Exception 2. In other words, shopping center parking lots, like the one outside the Papa John's restaurant must provide accessible routes.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 19-2435-DMG (JPR)** | Date | September 24, 2019 |
|---|---|---|---|
| Title | ***Dwain Lammey v. Dujack Investment, Inc.*** | Page | 3 of 5 |

An "accessible route" is a "continuous unobstructed path connecting all accessible elements and spaces of a building or facility. . . . Exterior accessible routes may include parking access aisles, curb ramps, crosswalks at vehicular ways,[1] walks, ramps, and lifts." 1991 Standards at § 3.5. Similarly, an "accessible path of travel may consist of walks and sidewalks, curb ramps and other interior or exterior pedestrian ramps; clear floor paths through lobbies, corridors, rooms, and other improved areas; parking access aisles; elevators and lifts; or a combination of these elements." 2010 Standards at §36.403(e). Given that neither of these provisions includes vehicular ways—and that the 1991 Standards expressly describe a "crosswalks at vehicular ways," but not the "vehicle way" itself, as accessible routes—the Court does not read the standards to permit vehicle ways to be the only means for disabled individuals to enter and exit shopping center parking lots. Additionally, under the Unruh Act, any "violation of the right of any individual under the [ADA] shall also constitute a violation of this section." Cal. Civ. Code § 51(f).

The sum at stake is relatively modest. Plaintiff seeks the minimum statutory damages, $4,000, MDJ at 3, as well as his attorneys' fees and costs in the amount of $5,092.50. Price Decl. at Billing Summary. There is no possibility of a dispute concerning the material facts of the case because the well-pleaded factual allegations are presumed to be true. Moreover, the procedural history of this case weighs against a finding of excusable neglect, given that Defendant has chosen not to appear. Lastly, Defendant's failure to meaningfully participate in this action renders a decision on the merits impractical.

Given the foregoing, the Court concludes that the entry of a default judgment against Defendant is appropriate.

**B.     Remedies**

"[I]njunctive relief is proper when architectural barriers at defendant's establishment violate the ADA and the removal of the barriers is readily achievable." *See Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1015 (C.D. Cal. 2014). (holding that "[t]he standard requirements for equitable relief need not be satisfied when an injunction is sought to prevent the violation of a federal statute which specifically provides for injunctive relief" (alteration in original) (quoting *Moeller v. Taco Bell Corp.*, 816 F. Supp. 2d 831, 859 (N.D. Cal. 2011)). Thus, for the reasons stated *supra* Part I.A, Plaintiff may obtain an injunction compelling Defendant to provide an ADA-compliant route of access into its property.

---

[1] A "crosswalk" is an "identified path intended for pedestrian use to cross a vehicular way." *Id*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 19-2435-DMG (JPR)** | Date | September 24, 2019 |
|---|---|---|---|
| Title | ***Dwain Lammey v. Dujack Investment, Inc.*** | Page | 4 of 5 |

Further, under the Unruh Civil Rights Act, Plaintiff may recover a $4,000 statutory damages award for a violation of the ADA regardless of whether he suffered any actual damages. *See* Cal. Civ. Code § 52(a).

Plaintiff also requests $4,437.50 in attorneys' fees and $655 in litigation costs. Price Decl. at Billing Summary. Under both the ADA and the Unruh Act, prevailing parties are entitled to recoup reasonable attorneys' fees. 42 U.S.C. § 12205; Cal. Civ. Code § 52(a). Normally, parties awarded default judgments who seek attorneys' fees must adhere to the attorneys' fee schedule laid out in the Central District's Local Rule 55. In civil rights cases, however, if the prevailing party submits a written request for fees in excess of the amount the schedule sets, district courts are "obliged to calculate a reasonable fee in the usual manner, without using the fee schedule as a starting point." *Vogel v. Harbor Plaza Ctr.*, 893 F.3d 1152, 1159 (9th Cir. 2018) (internal quotations omitted). Plaintiff has made such a request here.

District courts have a duty to "ensure that claims for attorneys' fees are reasonable. *Id.* at 1160 (courts must calculate this amount, called the lodestar, "by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate.") (internal quotes omitted). After reviewing the qualifications of the attorneys who billed for this case and the itemized billing statement detailing their time, the Court concludes that Plaintiff's counsel's hourly rates are reasonable.

The Court cannot determine whether the entirety of counsel's time expenditure was reasonable because counsel's billing statement includes multiple block-billed entries. *Pierce v. Cty. of Orange*, 905 F. Supp. 2d 1017, 1030 (C.D. Cal. 2012) (courts "may reduce hours that have been block-billed because block billing makes it more difficult to determine how much time was spent on particular activities") (internal quotations omitted). The Court shall eliminate 20% of the time corresponding to these block-billed entries, such that Mark Potter's time is reduced by .4 hours, Russell Handy's time is reduced by .2 hours, and Dennis Price's time is reduced by .2 hours. *See id.* at 1030–31 (noting that "courts generally impose only a 5% to 20% reduction for those hours block-billed") (collecting cases approving of 5%, 15%, and 20% reductions).[2] After accounting for these reductions, the lodestar becomes $4,126.50, which the Court shall award to Plaintiff's counsel. *See id.* at 1161 (noting that the lodestar is the "presumptively reasonable fee").

---

[2] District courts may only reduce block-billed attorneys' fees by 10% without a more specific explanation. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). The Court determines that a 20% reduction is necessary here because the Court has admonished Plaintiff's counsel multiple times in the past about their block billing practices, each time assessing a 10% reduction and then a 15% reduction, and counsel have not remedied their behavior.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 19-2435-DMG (JPR)** | Date | September 24, 2019 |
|---|---|---|---|
| Title | *Dwain Lammey v. Dujack Investment, Inc.* | Page | 5 of 5 |

Plaintiff shall also recover $655 in costs. Price Decl. Billing Summary. The Court therefore **GRANTS in part** Plaintiffs' request for attorneys' fees.

## II.
## CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiff's MDJ. The Court will enter a total judgment of $8,781.50 (a $4,000 statutory penalty and $4,781.50 in attorneys' fees and costs) in favor of Plaintiff Dwain Lammey and against Defendant Dujack Investment, Inc. Defendant is also hereby ordered to comply with the ADA and Unruh Civil Rights Act by providing an ADA-compliant route of access at its property located at 6520 Crenshaw Boulevard, Los Angeles, California.

**IT IS SO ORDERED.**